## Sterne v. Spalding.

Action of debt on judgment may be brought where there is a former judgment unsatisfied, though return of *non est inventus* hath not been made.

This was an action of debt, on a judgment rendered in the state of New Hampshire.    The plea was — That the original writ was commenced by writ of attachment, and was served upon the personal estate of the defendant, sufficient to satisfy the demand:    That the estate attached had, at all times, been ready, and might have been taken by the plaintiff's execution, in the state of New Hampshire; but that he had neglected to levy.

This was traversed, and issue joined to the court.

The case, from the evidence, appeared to be — That the property attached was principally in the hands of the defendant's children, and by them claimed, and in part disposed of. The execution was delivered to an officer, for the purpose of being levied; but he could not find sufficient estate to satisfy the execution, which to him appeared unincumbered. The defendant had removed into this state, and the officer delivered the execution back to the plaintiff, without making any return or indorsement.

Mr. Larrabee, for the defendant. The law will not allow actions to be multiplied where a remedy can be otherwise obtained. In this case there was a judgment rendered, and execution issued; but it does not appear that judgment could not have been satisfied within the jurisdiction where it was rendered. There has been no official return of the execution; therefore the presumption is strongly against the plaintiff. But admitting the defendant had not sufficient property in the state of New Hampshire to satisfy the judgment, it ought to appear by an official return of *non est inventus*, before an action of this kind can be supported; otherwise, judgment may be rendered upon judgment, and no satisfaction sought, till the debtor's whole estate is swallowed up in cost. This kind of action is founded on the record of a former judgment; it ought, therefore, to appear from the record, not only that judgment hath been obtained, but also, that legal steps have been pursued to obtain satisfaction; which is not the present case.

Mr. Chandler, for the plaintiff. When a judgment has been legally rendered, it becomes the highest evidence of a debt; and so long as it remains unsatisfied, the creditor has

an indisputable claim on the debtor. As this is an issue joined to the court, I shall take up the law as well as the fact:—Whenever it so happens, that there is an inconvenience in obtaining satisfaction of a judgment in the ordinary way, and this action will afford a remedy, it is undoubtedly sustainable. A variety of cases may be supposed to illustrate this principle; and it is clearly consonant to the general policy of law: This point being established, there can be no difficulty. The debtor has become an inhabitant of another state, the debt still exists against him, and execution on the judgment cannot extend to him. The officer was not bound to run any hazard respecting the estate left behind, as it appeared to be disputable; nor can there be any necessity for a return of *non est inventus,* where the creditor agrees to take back the execution: The return would be only for the security of the officer against the creditor: the debtor is not affected by it.

As to the facts proved — there appears to have been uncertainty, both in regard to the right of the property, and the quantity left behind:— The creditor, then, is certainly excusable for not levying his execution, and might well elect his more sure remedy against the body of the debtor, or other property, which could not be reached by that execution.

Judgment was for the plaintiff.

